

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-94,490-02

### EX PARTE TERRY LEE GIBBS, Applicant

---

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 10CR2978-83-1 IN THE 212TH DISTRICT COURT FROM GALVESTON COUNTY

---

*Per curiam.*

### O R D E R

Applicant was convicted of possession of a controlled substance, cocaine, with intent to deliver, and sentenced to 6 months' imprisonment in state jail. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

On August 29, 2022, the trial court entered an order designating issues and directed a response from the DPS Crime Lab. On September 30, 2022, in compliance with the trial court's order, the Seized Drugs Section Supervisor for the DPS Crime Lab submitted an affidavit. The State filed an amended answer on January 13, 2023, concluding that Applicant's guilty plea was induced by lab results subject to an inference of falsity. Accordingly, the lab results were material to the

conviction. Therefore, the State concluded, Applicant is entitled to relief.

On January 23, 2023, the district clerk properly forwarded this application to this Court under Texas Rule of Appellate Procedure 73.4(b)(5). However, the application was forwarded before the trial court made findings of fact and conclusions of law.

Applicant has alleged facts that, if true, might entitle him to relief. *Ex Parte Coty,* 418 S.W.3d 597 (Tex. Crim. App. 2014) (op. on reh'g). The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court may use any means set out in Article 11.07, § 3(d), to further develop the record.

It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether Applicant's plea was involuntary. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim. Additionally, the trial court shall enter findings regarding laches. *Carrio v. State,* 992 S.W.2d 486 (Tex. Crim. App. 1999); *Ex parte Perez,* 398 S.W.3d 206 (Tex. Crim. App. 2013).[1]

---

[1] Before making this determination, the trial court shall give Applicant the opportunity to respond and explain his delay. *See Ex parte Smith,* 444 S.W.3d 661, 670 (Tex. Crim. App. 2014) ("An applicant must be afforded this opportunity—irrespective of whether the State alleges the delay disadvantages its own position—before a court recommends or concludes that laches compels the application's denial").

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: February 15, 2023
Do not publish